GLOBE INDEMNITY COMPANY, APPELLANT, v. GUST LARSON,
APPELLEE.

FILED JULY 8, 1919. No. 21026.

Master and Servant: WORKMEN'S COMPENSATION ACT: APPEAL.  On
appeal by either party from an award of the compensation com-
missioner in a cause arising under the employers' liability act,
the district court of the county, where the employee could sue
the employer at the time of the injury, is the proper court to
which the cause should be submitted on appeal.

APPEAL from the district court for Dodge county:
FREDERICK W. BUTTON, JUDGE. *Reversed.*

*Courtright, Sidner & Lee,* for appellant.

*J. H. Barry, contra.*

CORNISH, J.

When either party to an action, arising under the
employers' liability act, refuses to accept the award
made by the compensation commissioner, to what dis-
trict court may he cause the matter to be submitted so
that the court may have jurisdiction to hear and deter-
mine the cause as provided by statute?

The injury for which the employee (named as defend-
ant herein) asks compensation occurred in Saunders
county, in which county the employee resided.  The em-
ployer resided and had his place of business just across
the line in Fremont, Dodge county.  The parties not
agreeing on the amount of compensation, the employee
caused the matter to be submitted to the compensation
commissioner, at Lincoln, who took testimony in both
Saunders and Dodge counties; summons being served
on the plaintiff insurance company in Dodge county.
At the hearing before the commissioner, the claim of the
employee was resisted by the plaintiff (appellant) in
the place of the employer.  The plaintiff, refusing to ac-
cept the award, filed its petition, provided by statute, in

103 Neb.—43

the district court for Dodge county. A special appearance made by the defendant (appellee) was sustained, and the cause appealed to this court.

The question turns largely upon the interpretation of the language used in the employers' liability act, as amended in 1917 (Laws 1917, ch. 85). Section 3674 of the act, as amended, provides for service of notice of the injury by the employee upon "the employer as soon as, practicable after the happening thereof." Section 3677 provides that the interested parties shall have the right to settle all matters of compensation between themselves in accordance with the provisions of the article. Section 3678 provides that disputed claims shall "be submitted to the compensation commissioner for an award." Then follows: "If either party at interest is dissatisfied with the award of the compensation commissioner, then the matter may be submitted to the district court of the county which would have jurisdiction of a civil action between the parties," or, as stated in section 3693, "the district court which would have jurisdiction in an ordinary civil case involving a claim for the injuries or death in question."

Section 3680 provides the procedure which "either party" may take in case a dispute arises.

It seems clear that the submission of the cause to the district court provided for is in the nature of an appeal from an award. This is shown also by the language used in subdivision g, sec. 29, ch. 85, Laws 1917, in which the proceeding is demoninated an "appeal." Neither the employer nor the insurance company has a right of action against the employee.

While the language used is indefinite and unsatisfactory, we think that, as affecting the question of jurisdiction, the words "either party" (which mean one of two) refer to employer and employee, and the "district court" to whom the cause should be submitted is the one to which the employee would be compelled to resort in a suit for damages for injuries received. In other

words, the legislative intent was to leave the forum for an action between the parties the same as it was before the enactment of the compensation law. This would be the county in which the employer resides or in which service could be had upon him—Dodge county. This would be the county where, in nearly all cases, both parties would reside, where the witnesses would reside and the cause be prosecuted with the least expense.

This conclusion, of course, will not permit the one appealing to select the forum. If, however, we were to hold that, where the statute uses the words "either party," the insurance company may be one of the two parties in mind (depending upon who is resisting the claim), then it might follow that the insurance company, as appellant, could have the cause submitted in any one of a large number of jurisdictions, for the reason that the insurance company might be sued by the appellee in any one of a large number of jurisdictions.

The jurisdiction should be determined as of the time the cause of action arose.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.