Mrs. Iona McEwen, appellee, v. Allied Contractors, appellant.

Filed February 13, 1924. No. 23811.

Master and Servant: Appeal from Compensation Award: Venue. A transitory civil action against a domestic corporation brought in a county other than those in which the statute provides it may be brought, in a court having jurisdiction of the subject matter, and in which the defendant files a general appearance, is within the jurisdiction of such court, and such court is one having "jurisdiction of a civil action between the parties," within the meaning of those words in section 3060, Comp. St. 1922, to which the matter referred to in said section may be submitted.

Appeal from the district court for Lancaster county: Willard E. Stewart, Judge. Reversed.

*Dressler & Neely* and *Stough & Dunn*, for appellant.

*Sterling F. Mutz* and *Edward C. Fisher*, contra.

McEwen v. Allied Contractors.

Heard before LETTON, ROSE and DEAN, JJ., ELDRED and REDICK, District Judges.

REDICK, District Judge.

Appeal from an award by the compensation commissioner. Claimant's husband was a resident of Saline county, and at the time he received the injuries resulting in his death was working in Douglas county, Nebraska, for the defendant, a domestic corporation having its principal place of business in Douglas county, Nebraska. Claimant filed a petition before the compensation commissioner at Lincoln, and by the consent of the parties the matter was heard in Lancaster county, resulting in an award to the claimant. Notice of appeal was filed with the commissioner, and in proper time a petition on appeal was filed in the district court for Lancaster county, by the defendant, for the purpose of reviewing said award, and summons served upon claimant in said county. Claimant filed a special appearance objecting to the jurisdiction of the court, on the theory that the appeal should have been taken to the district court for Douglas county, where defendant had its principal place of business. The statute provides: "If either party at interest is dissatisfied with the award of the compensation commissioner, then the matter may be submitted to the district court of the county which would have jurisdiction of a civil action between the parties." And claimant contends that the county of Douglas is the only place where she could have brought a civil action against the defendant, and, therefore, that the district court for that county was the only one having jurisdiction of the appeal. This is the only question submitted.

The claimant insists that the question is controlled by the case of *Globe Indemnity Co. v. Larson,* 103 Neb. 673. The appeal in that case was taken to the district court for the county where the defendant resided, and therefore was, within the strict letter of the statute, in the county where claimant might have brought a civil suit. The only question necessary to be determined in that case was whether the

appeal was properly taken to the district court for Dodge county, and to that extent the decision is controlling. Cornish, J., laid down a number of propositions in the discussion of the question which make for the position of the claimant in this case and form the principal basis of her counsel's argument; but, while the arguments of the learned justice are entitled to great respect from this court, they do not foreclose an inquiry as to whether or not the court of some other county than that of the residence of the defendant may also be possessed of jurisdiction, for the reason that, however cogent, the opinions thereby expressed were not necessary to the decision of the one question at issue.

The question, then, whether the district court for Lancaster county in the instant case had jurisdiction must be considered an open one, and its proper solution depends upon the discovery of the intention of the legislature in using the language above quoted, and we agree with Justice Cornish that "the legislative intent was to leave the forum for an action between the parties the same as it was before the enactment of the compensation law." What, then, would have been the situation? Under the statute, a civil action may be brought in the county in which the corporation is situated or has its principal office or place of business. The language is permissive, and, so far as we are aware, has never been construed as denying the jurisdiction to the district courts of other counties where the corporation files a general appearance. On the contrary, it was held in *Clark v. Bankers Accident Ins. Co.*, 96 Neb. 381, that, where the action was commenced in a county where service could not be had upon the defendant and the defendant filed a so-called special appearance, but which the court held in fact a general one, jurisdiction was complete.

Suppose in this case the award had been against the claimant and she had filed her petition in the Lancaster county district court, and summons served upon defendants in Douglas county, and they filed a special appearance objecting to the jurisdiction, it seems without doubt it would have to be sustained, as it was the privilege of the defendant

to be sued only in the county of its principal place of business. But, on the other hand, supposing defendant had appeared generally and tried the case, it seems equally without doubt that the court had jurisdiction for the reason that defendant waived his privilege.

Where the action is purely transitory, the action may be brought wherever the defendant may be found, and statutory provisions as to where they may be brought are generally construed as not restrictive of the general jurisdiction of courts, but rather as regulations for the benefit or protection of the defendant, which may be waived. We think a fair construction of the language of the statute does not restrict the jurisdiction of courts in compensation cases to any greater extent than in ordinary civil actions, and, as all district courts have general jurisdiction of the subject-matter of claims for compensation, jurisdiction of the particular matter may be conferred by consent, express or implied, of the parties. The situation in the instant case is somewhat anomalous; the plaintiff, a resident of the county in which the suit is pending, seeks to raise an objection which is a personal privilege belonging to the defendant, and this after obtaining the consent of the defendant that the hearing before the commissioner should be had in Lancaster county. Perhaps this fact has no logical connection with the problem, but is adverted to as a situation not hitherto met with in our researches. It needs no argument to sustain the proposition that a personal privilege must be claimed by the party for whose benefit it is declared. We have the situation, then, of a proceeding instituted in a court having general jurisdiction of the subject-matter, the consent and appearance of the only party having any legal right to object to the county in which it is brought, and service upon the opposite party in the county of her residence; surely these facts ought to satisfy all questions of jurisdiction.

We therefore conclude that a transitory action may be commenced in any county of the state before a court having

jurisdiction of the subject-matter, and jurisdiction will be complete upon the general appearance of the defendant, and that such court meets the requirement of the statute quoted, as one having jurisdiction of a civil action between the parties. We must not be understood as holding that the defendant may select any county in the state as the forum for the consideration of his appeal, but we are clearly of the opinion that, under the circumstances shown by the record in this case, the district court for Lancaster county was possessed of jurisdiction.

REVERSED AND REMANDED.